**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| D. JACOBSON & SONS LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>DNVB INC. d/b/a THURSDAY BOOT CO.,<br><br>Defendant. | **COMPLAINT**<br><br>Demand for Jury Trial |

Plaintiff D. Jacobson & Sons Limited ("Plaintiff"), by and through its attorneys, hereby files this Complaint ("Complaint") against Defendant DNVB Inc. d/b/a Thursday Boot Co., ("Defendant") and states as follows:

## INTRODUCTION

1. This is an action for Trademark Infringement pursuant to Section 32(a) of the Lanham Act, False Designation of Origin and Unfair Competition arising under Section 43(a) of the Lanham Act, and common law trademark infringement and unfair competition under the laws of the State of New York.

## PARTIES

2. Plaintiff is a United Kingdom private limited company located at Cloughfold, Bacup Road, Rawtenstall, Lancashire, BB4 7PA, United Kingdom.

3. Upon information and belief, Defendant is a Delaware corporation with a physical storefront at 48 W. 21st Street, 2nd Floor, New York, New York 10010.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. This case involves claims under the Lanham Act, 15 U.S.C. §§ 1114, 1125,

and actions arising under the Lanham Act have original jurisdiction in federal courts according to 15 U.S.C. § 1121(a).

5. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), because such claims are so related to those claims under which the Court has jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

6. This Court has personal jurisdiction over Defendant because Defendant is a corporation doing business in the State of New York and has its principal offices and/or a regular place of business within this District. Personal jurisdiction over Defendant is proper in this District because Defendant maintains a continuous and systematic presence in New York, operates a retail storefront in this District, and transacts business within this District. Furthermore, Defendant has committed, and continues to commit, tortious acts of trademark infringement and unfair competition within this District by marketing, advertising, offering for sale, and selling infringing shoes to consumers in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims herein occurred in this District.

**FACTUAL BACKGROUND**

8. Continuously since at least August 1999, Plaintiff has used the mark shown below ("Wing Flash Mark") in commerce in connection with the advertising, promotion, distribution, and sale of footwear.

9. Plaintiff is the owner of U.S. Trademark Registration No. 3,032,726 ("the '726 Registration") for the Wing Flash Mark for "footwear, shoes, athletic footwear, athletic shoes, sports shoes, sports footwear, training shoes, and training footwear" in International Class 25. A true and correct copy of the registration certificate is attached as Exhibit A.

10. The '726 Registration issued on December 20, 2005 and is currently valid and subsisting. Plaintiff's right to use the Wing Flash Mark is incontestable pursuant to 15 U.S.C. § 1065.

11. An example of one of Plaintiff's authentic shoes displaying the mark is shown below:




12. Defendant filed U.S. Trademark Application Serial No. 99/356,001 (the '001 Application") on August 25, 2025 for the mark shown below (the "Infringing Mark") for "footwear" in Class 25.



13. The Infringing Mark so resembles the Wing Flash Mark that when used in association with shoes, Defendant's Mark is likely to cause confusion, or to cause mistake, or to deceive within the meaning of Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

The Infringing Mark is substantially and confusingly similar to Plaintiff's registered Wing Flash Mark in visual appearance, commercial impression, and overall design.

14. On March 25, 2026, Plaintiff filed a Notice of Opposition against the '001 Application before the Trademark Trial and Appeal Board ("TTAB") at the United States Patent & Trademark Office.

15. Despite Plaintiff's prior rights and the pending Opposition at the TTAB, Defendant has commenced advertising, marketing, offering for sale, and selling footwear bearing the Infringing Mark in commerce.

16. Defendant prominently features the Infringing Mark on its "Era" line of shoes, an example of which is shown below:



17. A side-by-side comparison of the Wing Flash Mark and the Infringing Mark, and a side-by-side comparison of Plaintiff's authentic shoe and Defendant's infringing shoe, are attached as Exhibit B.

18. Upon information and belief, Defendant advertises, offers for sale, and sells shoes under the Infringing Mark through its stores and its website.

19. Defendant's use of the Infringing Mark is without Plaintiff's consent or authorization.

20. Defendant's unauthorized commercial activities are deliberate and willful. Defendant had constructive knowledge of Plaintiff's federal registration of the Wing Flash Mark, as provided under Section 22 of the Lanham Act, 15 U.S.C. § 1072, and actual knowledge of Plaintiff's use and registration of the Wing Flash Mark since at least Plaintiff's filing of the Notice of Opposition with the TTAB on March 25, 2026.

## COUNT I
## Trademark Infringement (15 U.S.C. § 1114)

21. Plaintiff restates the allegations contained in the foregoing paragraphs as if fully recited in this paragraph.

22. Defendant's unauthorized use of the Infringing Mark in connection with footwear is likely to cause confusion, mistake, or deception as to the source, affiliation, connection, or association of Defendant's goods with Plaintiff.

23. Defendant's unauthorized advertisement and use of the Infringing Mark is likely to cause consumers to believe that Defendant's shoes are associated with, sponsored, endorsed by, or affiliated with Plaintiff.

24. Defendant's unauthorized actions constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

25. Defendant's infringement has been, and continues to be, willful, intentional, and deliberate.

26. As a direct result of Defendant's acts, Plaintiff has sustained substantial damages and loss of revenue, and Defendant has derived unlawful profits. Plaintiff is entitled to recover damages, disgorgement of Defendant's profits, treble damages under 15 U.S.C. § 1117, and reasonable attorney fees due to the exceptional nature of this case.

27. Plaintiff has been and will continue to be damaged as a result of Defendant's infringement, entitling Plaintiff to recover damages and a disgorgement of Defendant's profits from its infringing activities in an amount to be determined at trial and to be trebled in accordance with 15 U.S.C. § 1117.

28. In view of the deliberate and willful nature of Defendant's activities, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a), entitling Plaintiff to recover its reasonable attorney's fees.

**COUNT II**
**False Designation of Origin and Unfair Competition**
**Under the Lanham Act (15 U.S.C. § 1125(a))**

29. Plaintiff restates the allegations contained in the foregoing paragraphs as if fully recited in this paragraph.

30. Defendant's unauthorized commercial use of the Infringing Mark falsely indicates to consumers that Defendant's goods originate from, are sponsored by, or are affiliated with Plaintiff.

31. Defendant's activities constitute false designation of origin, false description, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. Defendant's acts have caused irreparable harm to Plaintiff's commercial goodwill and business reputation. Plaintiff is entitled to injunctive relief, monetary damages, disgorgement of profits, statutory treble damages, and attorney fees under 15 U.S.C. § 1117.

33. In view of the deliberate and willful nature of Defendant's activities, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a), entitling Plaintiff to recover its reasonable attorney fees.

**COUNT III**
**Common Law Trademark Infringement,**
**Unfair Competition, and Violation of NY GBL §360-L**

34. Plaintiff restates the allegations contained in the foregoing paragraphs as if fully recited in this paragraph.

35. The above-cited acts of Defendant constitute trademark infringement and unfair competition in violation of Plaintiff's rights under the common law of the State of New York.

36. Plaintiff's Wing Flash Mark is strong and inherently distinctive and has acquired extensive goodwill prior to Defendant's adoption and use of the Infringing Mark.

37. Defendant's unauthorized commercial use of the Infringing Mark constitutes trademark infringement and unfair competition under New York common law, as well as trademark dilution and injury to business reputation under N.Y. Gen. Bus. Law § 360-L.

38. Defendant acted in bad faith and with full knowledge of Plaintiff's senior rights.

39. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer monetary and reputational damages for which it has no adequate remedy at law.

40. Plaintiff is entitled to recover actual damages, injunctive relief, costs, and reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

A. That the Court award judgment to Plaintiff, and against Defendant, on all counts of the Complaint.

B. That Defendant, together with all persons and entities acting in concert with Defendant, be preliminarily and permanently enjoined and restrained from:

1. Manufacturing, marketing, advertising, offering for sale, or selling any footwear bearing the Infringing Mark or any mark confusingly similar to Plaintiff's Wing Flash Mark;
2. Engaging in any other act likely to cause confusion, mistake or deception as to the source of Defendant's goods; and
3. Unfairly competing with Plaintiff or injuring its goodwill in any manner whatsoever, including by using marks that are the same as or confusingly similar to the Wing Flash Mark.

C. That the Court direct Defendant to file with the Court and serve on counsel for Plaintiff within 30 days after entry of any injunction issued by the Court in this action, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction, as provided by the Lanham Act 15 U.S.C. § 1116;

D. That the Court award Plaintiff damages in an amount to be proven at trial, and a disgorgement of Defendant's profits in an amount to be proven at trial, pursuant to the Lanham Act, 15 U.S.C. § 1117, and the common law;

E. That the Court award Plaintiff treble damages based on Defendant's willful infringement and intentional conduct pursuant to the Lanham Act, 15 U.S.C. § 1117 and New York's General Business Statute;

F. That the Court find this case exceptional and award Plaintiff its reasonable attorney fees incurred in this action in accordance with the Lanham Act, 15 U.S.C. § 1117 and applicable state statutes;

G. That the Court award Plaintiff such other actual, punitive and exemplary damages to which it is found to be entitled under federal or state law;

H. That the Court award Plaintiff pre- and post-judgment interest on its damages;

I. That the Court award Plaintiff the costs of this action taxed against Defendant; and

J. That the Court award Plaintiff such other and further relief as this Court may deem just and proper.

**KRITZER MCPHEE LLP**

Dated: November 19, 2026

By: *s/ Ryan S. McPhee*

Ryan S. McPhee
rmcphee@kmpatentlaw.com
501 W. Broadway, Suite 800
San Diego, California 92101
Tel. 619-758-3600

Noam J. Kritzer
nkritzer@kmpatentlaw.com
256 Columbia Turnpike
Edison Suite, Unit 204
Florham Park, New Jersey 07932
Tel: 973-679-7272

*Attorneys for Plaintiff*
*D. Jacobson & Sons Limited*